Andrew N. Thomases (Bar No. 177339)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
Email: andrew.thomases@ropesgray.com

Stephen J. Rosenman (Bar No. 170220)
Nicole M. Jantzi  (*pro hac vice application pending*)
Paul M. Schoenhard  (*pro hac vice application pending*)
Matthew J. Rizzolo  (*pro hac vice application pending*)
ROPES & GRAY LLP
One Metro Center
700 12th St., NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: stephen.rosenman@ropesgray.com
nicole.jantzi@ropesgray.com
paul.schoenhard@ropesgray.com
matthew.rizzolo@ropesgray.com

Attorneys for Plaintiff
SPANSION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPANSION LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>MACRONIX INTERNATIONAL CO., LTD.;<br>MACRONIX AMERICA, INC.;<br>ACER INC.;<br>ACER AMERICA CORPORATION;<br>ADT CORPORATION;<br>AMAZON.COM, INC.;<br>ASROCK INC.;<br>ASROCK AMERICA, INC.;<br>ASUSTEK COMPUTER INC.;<br>ASUS COMPUTER<br>      INTERNATIONAL (AMERICA);<br>BELKIN INTERNATIONAL, INC.;<br>D-LINK CORPORATION;<br>D-LINK SYSTEMS;<br>LEAP MOTION, INC.; | Case No. _____<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  LOWE'S COMPANIES, INC.;    )
   LOWE'S HOME CENTERS, INC.;  )
2  MICROSOFT CORP.;            )
   NINTENDO CO. LTD.;          )
3  NINTENDO OF AMERICA, INC.;  )
   SERCOMM CORPORATION;        )
4  VONAGE HOLDINGS CORP.;      )
   VONAGE AMERICA INC.;        )
5  VONAGE MARKETING LLC,       )
                               )
6       Defendants.            )

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Patent Infringement**

Plaintiff Spansion LLC ("Spansion"), for its Complaint against Defendants Macronix International Co., Ltd. and Macronix America, Inc. ( "Macronix Defendants"); Acer Inc. and Acer America Corporation ("Acer Defendants"); ADT Corporation ("ADT"); Amazon.com, Inc. ("Amazon"); ASRock Inc. and ASRock America, Inc. ("ASRock Defendants"); ASUSTek Computer Inc. and ASUS Computer International (America) ("Asus Defendants"); Belkin International, Inc. ("Belkin"); D-Link Corporation and D-Link Systems ("D-Link Defendants"); Leap Motion, Inc. ("Leap Motion"); Lowe's Companies, Inc. and Lowe's Home Centers, Inc. ("Lowe's Defendants"); Microsoft Corp. ("Microsoft"); Nintendo Co. Ltd. and Nintendo of America, Inc. ("Nintendo Defendants"); Sercomm Corporation ("Sercomm"); Vonage Holdings Corp., Vonage America Inc., and Vonage Marketing LLC ("Vonage Defendants") (collectively, "Defendants"), upon personal knowledge as to its own actions and upon information and belief as to actions by others, hereby alleges as follows:

## INTRODUCTION

1.     This is an action for patent infringement brought before this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Spansion seeks remedies for Defendants' infringement of one or more claims of U.S. Patent Nos. 6,246,611 ("the '611 Patent"), 6,399,446 ("the '446 Patent"), 6,436,766 ("the '766 Patent"), and 6,744,666 ("the '666 Patent") (collectively, the "Spansion Patents").  True and correct copies of the Spansion Patents are attached hereto as Exhibits A through D.

## PARTIES

2.     Spansion LLC is a wholly owned operating subsidiary company of Spansion, Inc. Spansion LLC is incorporated in Delaware and its headquarters are located at 915 DeGuigne Drive, Sunnyvale, CA 94085.  Spansion LLC is the owner of the Spansion Patents.

3.     Upon information and belief, Macronix International Co., Ltd., is a corporation organized under the laws of Taiwan, having its principal place of business at No. 16, Li-Hsin Road, Science Park, Hsin-chu, Taiwan.  Macronix International Co., Ltd., makes, uses, sells,

offers to sell, and imports certain Macronix non-volatile memory chips that infringe the Spansion Patents ("Macronix Chips") in this District.

4.     Upon information and belief, Macronix America, Inc., is a corporation organized under the laws of the State of California, having its principal place of business at 680 North McCarthy Blvd., Suite 200, Milpitas, CA 95035.  Macronix America, Inc., uses, sells, offers to sell, and imports the Macronix Chips that infringe the Spansion Patents in this District.

5.     Upon information and belief, Acer Inc. is a corporation organized under the laws of Taiwan and has its principal place of business at 8F, 88, Sec. 1, Xintai 5th Rd., Xizhi, New Taipei City 221, Taiwan.  Acer Inc. sells its products, including those that contain Macronix Chips, in this District.

6.     Upon information and belief, Acer America Corporation is a corporation organized under the laws of the State of California and has its principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110.  Acer America Corporation is a wholly-owned subsidiary of Acer Inc.  Acer America Corporation sells its products, including those that contain Macronix Chips, in this District.

7.     Upon information and belief, ADT Corporation is a corporation organized under the laws of the State of Florida and has its principal place of business at 1501 Yamato Road, Boca Raton, FL 33431.  ADT sells its products, including those that contain Macronix Chips, in this District.

8.     Upon information and belief, Amazon.com, Inc.is a corporation organized under the laws of the State of Delaware and has its principal place of business at 410 Terry Avenue North, Seattle, WA 98109.  Amazon sells its products, including those that contain Macronix Chips, in this District.

9.     Upon information and belief, ASRock Inc. is a corporation organized under the laws of Taiwan and has its principal place of business at 2F No. 37, Sec. 2, Jhongyang S. Rd., Beitou District, Taipei City 112, Taiwan.  ASRock Inc. sells its products, including those that contain Macronix Chips, in this District.

1       10.     Upon information and belief, ASRock America, Inc. is a corporation organized

2   under the laws of the State of California and has its principal place of business at 13848

3   Magnolia Ave., Chino, CA 91710.  It is a wholly-owned subsidiary of ASRock Inc.  ASRock

4   America, Inc. sells its products, including those that contain Macronix Chips, in this District.

5       11.     Upon information and belief, ASUSTek Computer Inc. is a corporation

6   organized under the laws of Taiwan and has its principal place of business at No. 15, Li-Te Rd.,

7   Beitou District, Taipei 112, Taiwan.  ASUSTek Computer Inc. sells its products, including those

8   that contain Macronix Chips, in this District.

9       12.     Upon information and belief, ASUS Computer International (America) is a

10  corporation organized under the laws of the State of California and has its principal place of

11  business at 800 Corporate Way, Fremont, CA 94539.  It is a wholly-owned subsidiary of

12  ASUSTek Computer Inc. Asus Computer International (America) sells its products, including

13  those that contain Macronix Chips, in this District.

14      13.     Upon information and belief, Belkin International, Inc. is a corporation organized

15  under the laws of the State of Delaware and has its principal place of business at 12045 E.

16  Waterfront Drive, Playa Vista, CA 90094.  Belkin sells its products, including those that contain

17  Macronix Chips, in this District.

18      14.     Upon information and belief, D-Link Corporation is a corporation organized

19  under the laws of Taiwan and has its principal place of business at No. 289, Sinhu 3rd Road,

20  Neihu District, Taipei City, 114 Taiwan.  D-Link Corporation sells its products, including those

21  that contain Macronix Chips, in this District.

22      15.     Upon information and belief, D-Link Systems is a corporation organized under

23  the laws of California and has its principal place of business at 17595 Mt. Herrmann Street,

24  Fountain Valley, California 92708.  It is a wholly owned subsidiary of D-Link Corporation.  D-

25  Link Systems sells its products, including those that contain Macronix Chips, in this District.

26      16.     Upon information and belief, Leap Motion, Inc. is a corporation organized under

27  the laws of the State of Delaware and has its principal place of business at 333 Bryant Street,

28

1  Suite LL150, San Francisco, CA 94107. Leap Motion sells its products, including those that

2  contain Macronix Chips, in this District.

3      17.  Upon information and belief, Lowe's Companies, Inc. is a corporation organized

4  under the laws of the State of North Carolina and has its principal place of business at 1000

5  Lowes Blvd., Mooresville, NC 28117. Lowe's Companies, Inc. sells its products, including

6  those that contain Macronix Chips, in this District.

7      18.  Upon information and belief, Lowe's Home Centers, Inc. is a corporation

8  organized under the laws of the State of North Carolina and has its principal place of business at

9  1605 Curtis Bridge Rd., Wilkesboro, NC 28117. Lowe's Home Centers, Inc. sells its products,

10  including those that contain Macronix Chips, in this District.

11      19.  Upon information and belief, Microsoft Corp. is a corporation organized under

12  the laws of the State of Washington and has its principal place of business at One Microsoft

13  Way, Redmond, WA 98052. Microsoft sells its products, including those that contain Macronix

14  Chips, in this District.

15      20.  Upon information and belief, Nintendo Co. Ltd. is a corporation organized under

16  the laws of Japan and has its principal place of business at 11-1 Kamitobo-hokotate-cho,

17  Minami-ku, Kyoto, Japan. Nintendo Co., Ltd. sells its products, including those that contain

18  Macronix Chips, in this District.

19      21.  Upon information and belief, Nintendo of America, Inc. is a corporation

20  organized under the laws of the State of Washington and has its principal place of business at

21  4600 150th Avenue NE, Redmond, Washington 98052. It is a wholly-owned subsidiary of

22  Nintendo Co., Ltd. Nintendo of America, Inc. sells its products, including those that contain

23  Macronix Chips, in this District.

24      22.  Upon information and belief, Sercomm Corporation is a corporation organized

25  under the laws of Taiwan and has its principal place of business at 8F, No. 3-1, Yuan Qu St.,

26  Nan Kang, Taipei 115, Taiwan. Sercomm maintains an additional place of business at 42808

27  Christy St. STE 231 Fremont, CA 94538. Sercomm Corporation sells its products, including

28  those that contain Macronix Chips, in this District.

23.     Upon information and belief, Vonage Holdings Corp. is a corporation organized under the laws of the State of Delaware and has its principal place of business at 23 Main Street, Holmdel, NJ 07733.  Vonage Holdings Corp. sells its products, including those that contain Macronix Chips, in this District.

24.     Upon information and belief, Vonage America Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business at 23 Main Street, Holmdel, NJ 07733.  Vonage America Inc. sells its products, including those that contain Macronix Chips, in this District.

25.     Upon information and belief, Vonage Marketing LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business at 23 Main Street, Holmdel, NJ 07733.  Vonage Marketing LLC sells its products, including those that contain Macronix Chips, in this District.

## JURISDICTION AND VENUE

26.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

27.     This Court has personal jurisdiction over Defendants for at least the following reasons: (i) upon information and belief, Defendants have committed acts of patent infringement, and/or contributed to or induced acts of patent infringement by others, in this District and elsewhere in California and the United States; (ii) Defendants regularly do business, solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this District and in this State; (iii) Defendants have purposefully established substantial, systematic, and continuous contacts with this District and expect or should reasonably expect to be sued here; (iv) and, for Defendants Macronix America, Inc., Acer America Corporation, Asus Computer International (America), and Leap Motion, each has its principal place of business, and Defendant Sercomm maintains a place of business, in the Northern District of California.

28.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants transact business in this District, are subject to personal jurisdiction in this District, and have committed acts of infringement in this District.

## INTRADISTRICT ASSIGNMENT

29.     This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## BACKGROUND

30.     Spansion is a leading provider of the non-volatile memory technology at the heart of the world's electronics systems.  It is dedicated to designing, developing, manufacturing, marketing, and selling non-volatile memory solutions.  Spansion designs, develops, and manufactures various types of non-volatile memory, including a type of electrically erasable programmable read-only memory commonly known as "flash memory."  It is also one of the last major manufacturers of non-volatile memory remaining in the United States, with its headquarters in Sunnyvale, California, and fabrication and testing facilities in Austin, Texas.  Spansion has over $900 million in net sales each year.

31.     Spansion designs, develops, manufactures, markets, licenses, and sells non-volatile memory technology and solutions for retail, commercial, and institutional customers worldwide. Its non-volatile memory products primarily store data and software code for microprocessors, controllers and other programmable semiconductors which run applications in a broad range of electronics systems.  These electronic systems include, for example, computing and communications, automotive and industrial, consumer and gaming, wireless and machine-to-machine devices.  Spansion manufactures and is in the process of further developing non-volatile memory products that use the technology claimed in the Spansion Patents.

32.     Spansion devotes substantial resources to its highly sophisticated research and development program in the United States, and as a result, is a leading innovator in the non-volatile memory technology industry.  For example, Spansion has developed a revolutionary 2-bits-per-cell, charge-trapping non-volatile memory technology called MirrorBit®, which is designed to provide superior cell size and scalability.  Using MirrorBit® technology, Spansion

1    introduced the industry's first 8Gb monolithic NOR product in early 2013. Charge trapping

2    technology, including Spansion's MirrorBit® technology, is widely described as the next

3    generation of flash memory. Spansion has also developed various technologies that make non-

4    volatile memory manufacturing more efficient and help increase the density and capacity of

5    non-volatile memory devices.

6        33.    Spansion's ability to compete and its success as a company depend on its ability

7    to innovate and to protect these innovations. To that end, Spansion spends substantial sums on

8    research and development each year in products protected by the Spansion Patents. Spansion

9    has made significant investments in the manufacture of products covered by its patents here in

10   this District. Spansion also expects to invest even more in products that benefit from its

11   ongoing research and development based on the technology covered by the Spansion Patents.

12       34.    Spansion's ability to compete also depends on protecting its inventions through

13   patents. Spansion's long-term financial success depends, in significant part, on its ability to

14   establish, maintain, and protect its proprietary technology through enforcement of its patent

15   rights. That ability has been significantly compromised by the acts complained of in this

16   Complaint.

## ASSERTED PATENTS

18       35.    Spansion is the owner by assignment of all rights, title, and interest in the

19   Spansion Patents, including the right to bring this suit for injunctive relief and damages.

20       36.    The '611 Patent, titled "System for erasing a memory cell," was duly and legally

21   issued by the United States Patent and Trademark Office on June 12, 2001.

22       37.    The '446 Patent, titled "Process for fabricating high density memory cells using a

23   metallic hard mask," was duly and legally issued by the United States Patent and Trademark

24   Office on June 4, 2002.

25       38.    The '766 Patent, titled "Process for fabricating high density memory cells using a

26   polysilicon hard mask," was duly and legally issued by the United States Patent and Trademark

27   Office on August 20, 2002.

28

39.     The '666 Patent, titled "Method and system to minimize page programming time for flash memory devices," was duly and legally issued by the United States Patent and Trademark Office on June 1, 2004.

## FACTS COMMON TO ALL COUNTS

### The Spansion Patents

40.     In general, the Spansion Patents cover various aspects of a type of electronic memory known as "non-volatile memory," which retains information even in the absence of a power source. Even without power, a single non-volatile memory "cell" can retain information for many years. For example, in cell phones, personal information such as names and telephone numbers and multimedia such as music, video, and photos can be stored in the phone's non-volatile memory and will remain in that memory even when the phone is turned off. In contrast, other types of computer memory, such as dynamic random-access memory ("DRAM"), lose data if electrical power is removed.

41.     Certain types of electrically erasable and programmable non-volatile memory cells, commonly known as "flash memory," store information in the form of electrical charge(s). Thus, conventional flash memory cells are programmed by injecting electrons (the charge) into the cell. Conversely, a flash memory cell is erased by removing the electrons. A flash memory cell can be read to determine the presence or absence of electrical charge(s).

42.     When evaluating electrically erasable and programmable non-volatile memory solutions such as flash memory, manufacturers consider cost (typically expressed in cost per bit of information), read/write access time, endurance (*i.e.*, number of read/write cycles that a product can tolerate before malfunctioning), and long-term data retention.

43.     The technologies described in the Spansion Patents relate generally to systems and methods for fabricating memory devices, and for programming and erasing non-volatile memory devices, enabling the devices to operate in a faster, less expensive, and more reliable manner.

**The Accused Products**

44.     Based on currently available information, the accused Macronix Chips include the Macronix Generation E NOR Flash Memory (110 nm Technology Node) family of products, the Macronix Generation F NOR Flash Memory (75 nm Technology Node) family of products, and the Macronix XtraROM Flash Memory family of products, including, but not limited to, the Macronix Chips identified below in paragraphs 49 to 51.

45.     Based on currently available information, the accused products also include consumer electronic products that contain an accused Macronix Chip, including, but not limited to, laptop computers, tablet computers, digital cameras, telephone adapters, routers, wireless controllers, game cartridges, and game consoles.

46.     Macronix's literature groups non-volatile memory products by family and generation. *See, e.g.*, Macronix Product Selection Guide, attached hereto as Exhibit E. Each Macronix NOR Chip is designated with the generation to which it belongs. *Id.* Further, upon information and belief, each "generation" of Macronix Chips refers to a different technology node. A "technology node" refers to the process used to fabricate the chip and each process generally results in the size of the features (individual elements such as transistors) that make up the structures on a non-volatile memory chip being a certain size (*e.g.*, 75 nm, 110 nm, 130 nm, etc., where "nm" means nanometer). Therefore, the process used to manufacture a 110 nm chip is known as a "110 nm process technology." It can also be referred to as a "110 nm technology node" or "110 nm process node."

47.     Upon information and belief, all Macronix Chips within each of Macronix's respective generations, or technology nodes, are manufactured by similar processes and have substantially similar structure as well as electrical characteristics of individual components such as the core cell and periphery transistors. Within each technology node, Macronix's products can be further separated, *e.g.*, into Serial NOR Flash Memory and Parallel NOR Flash Memory categories based on the interface architecture. The Parallel NOR Flash Memory category can be subdivided into page-mode and standard-mode.

48. The Macronix Chips at issue can be grouped into the following generations of non-volatile memory chips (although this list is not intended to be exhaustive):

Generation F — Macronix 75 nm NOR Flash Technology Node,

Generation E — Macronix 110 nm NOR Flash Technology Node, and

Macronix XtraROM Family

49. On information and belief, the following is a non-exhaustive list of Macronix Chips in the Macronix 75 nm NOR Flash Technology Node:

| Macronix Chip Family – Generation F | | |
|---|---|---|
| MX25L12835F | MX66U51235F | MX29GA128FH/L |
| MX25L12873F | MX29VS128F | MX29GA129FH/L |
| MX25L25635F | MX29GL128FH/L | MX29GA256FH/L |
| MX25L25735F | MX29GL128FU/D | MX29GA257FH/L |
| MX66L51235F | MX29GL256FH/L | MX29GA512FH/L |
| MX25U1635F | MX29GL256FU/D | MX68GA1G0FH/L |
| MX25U3235F | MX29GL512FH/L | MX25L12855F |
| MX25U6435F | MX29GL512FU/D | MX25L25655F |
| MX25U12835F | MX29GL1G0FH/L | |
| MX25U25635F | MX29GL1G0FU/D | |

50. On information and belief, the following is a non-exhaustive list of Macronix Chips in the Macronix 110 nm NOR Flash Technology Node:

| Macronix Chip Family – Generation E | | |
|---|---|---|
| MX25L512E | MX25L3235E | MX29GL640EH/L |
| MX25L5121E | MX25L3273E | MX29GL640ET/B |
| MX25L1006E | MX25L6435E | MX29GL128EH/L |
| MX25L1021E | MX25L6473E | MX29LA320EH/L |
| MX25L2006E | MX25V512E | MX29LA640EH/L |
| MX25L4006E | MX25V1006E | MX29GA320EH/L |
| MX25L8006E | MX25V2006E | MX29GA321EH/L |
| MX25L1606E | MX25V4006E | MX29GA640EH/L |
| MX25L3206E | MX25V8006E | MX29GA641EH/L |
| MX25L6406E | MX25U2033E | MX25L1608E |
| MX25L1026E | MX25U4033E | MX25L3208E |
| MX25L2026E | MX25U8033E | MX25L3255E |
| MX25L4026E | MX29LV320ET/B | MX25L6408E |
| MX25L8035E | MX29LV640ET/B | MX25L6456E |
| MX25L8036E | MX29NS320E | 25L1001 |
| MX25L8073E | MX29NS640E | 25L4001 |
| MX25L1633E | MX29NS128E | MX25L12845E |
| MX25L1635E | MX29GL256EH/L | |
| MX25L1636E | MX29GL320EH/L | |
| MX25L1673E | MX29GL320ET/B | |

51.     On information and belief, the following is a non-exhaustive list of Macronix Chips in the Macronix XtraROM Family:

| Macronix Chip Family – XtraROM | | | |
|---|---|---|---|
| MX23J512 | MX23J1G | MX23J2G | MX23J4G |

52.     Upon information and belief, as to the technology at issue in the '611 Patent, all Macronix NOR Flash Memory chips within a node operate in the same manner, as the '611 Patent relates to the operation of the core cell, which has substantially similar characteristics within a node.  Any differences are not relevant to the '611 Patent.

53.     Upon information and belief, as to the technology at issue in the asserted '446 and '766 Patents, all Macronix XtraROM chips are fabricated in the same manner.  Any differences are not relevant to the '446 Patent or the '766 Patent.

54.     Upon information and belief, as to the technology at issue in the '666 Patent, all Macronix Page-Mode Parallel NOR Flash Memory chips within a node operate in the same

manner, and all Macronix Serial NOR Flash Memory chips within a node operate in the same manner.  Any differences are not relevant to the '666 Patent.

55.    Upon information and belief, Macronix manufactures the infringing Macronix Chips and imports them into the United States for sale in the United States.

56.    Upon information and belief, Macronix sells the infringing Macronix Chips to third parties, including the non-Macronix Defendants, for inclusion in consumer electronic products, which are imported into and/or offered for sale or sold in the United States.

## COUNT I
## (INFRINGEMENT OF THE '611 PATENT)

57.    Plaintiff incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

**Macronix Defendants**

58.    The Macronix Defendants have infringed, and continue to infringe, at least claims 1-7 and 9-13 of the '611 Patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, and selling within the United States, and/or importing into the United States, products that practice the inventions claimed in the '611 patent, including, but not limited to, the Macronix Generation E NOR Flash Memory (110 nm Technology Node) family of products and/or the Macronix Generation F NOR Parallel Flash Memory (75 nm Technology Node) family of products.  A chart demonstrating how each of the Macronix Generation E NOR Serial Flash Memory (110 nm Technology Node) family of products and the Macronix Generation F NOR Flash Memory (75 nm Technology Node) family of products satisfies exemplary claim 1 of the '611 Patent, is attached as Exhibit M (under seal).

59.    Upon information and belief, the Macronix Defendants have directly contributed to and/or induced infringement of the '611 Patent through supplying infringing components to their customers.   The Macronix Defendants' customers, downstream companies, and/or customers of downstream companies who purchased such components and operate such components in accordance with the Macronix Defendants' instructions directly infringe one or more of claims 1-7 and 9-13 of the '611 Patent in the United States.

60.     Upon information and belief, the Macronix Defendants were aware of the '611 Patent or will have knowledge of the '611 Patent and their infringing activity based on the public filing of this Complaint.

61.     Upon information and belief, the Macronix Defendants have indirectly infringed and continue to indirectly infringe the '611 Patent by actively inducing others, including at least the Acer Defendants, ADT, Amazon, the ASRock Defendants, the Asus Defendants, Belkin, the D-Link Defendants, Leap Motion, the Lowe's Defendants, Microsoft, the Nintendo Defendants, Sercomm and the Vonage Defendants, to offer for sale and/or sell within the United States, and/or import into the United States, devices containing the infringing Macronix Chips.

62.     Upon information and belief, the Macronix Defendants have also indirectly infringed and continue to indirectly infringe the '611 Patent by actively inducing others, including at least the Acer Defendants, ADT, Amazon, the ASRock Defendants, the Asus Defendants, Belkin, the D-Link Defendants, Leap Motion, the Lowe's Defendants, Microsoft, the Nintendo Defendants, Sercomm and the Vonage Defendants, and/or end-users of consumer devices containing the Macronix Chips, to perform some or all of the steps of the method claims of the '611 Patent.

63.     Upon information and belief, the Macronix Defendants specifically intend to induce the direct infringement of the '611 Patent by instructing and encouraging their customers and downstream companies to use the Macronix Chips.  Such instructions and encouragement include but are not limited to advising third parties to use the Macronix Chips in an infringing manner, advertising and promoting the use of the Macronix Chips in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Macronix Chips in an infringing manner.

64.     The Macronix Defendants encourage downstream companies worldwide to switch from Spansion chips to the infringing Macronix Chips.  For example, the Macronix Defendants publicly publish and maintain a series of Application Notes explaining and directing how to do so.  Exhibit F.  One such Application Note is entitled "Replacing Spansion

S25FL128S with Macronix MX25L12835F," and teaches the Macronix Defendants' customers how to replace Spansion products with infringing Macronix Chips.  Exhibit G.

65.     The Macronix Defendants include instructions with the Macronix Chips and on their web site teaching users of the Macronix Chips to install and use the Macronix Chips.  *See* Macronix Datasheets, Exhibits H-L.   For example, the Macronix Defendants provide instructions on their web site and with the Macronix Chips teaching users how to perform an erase operation using the Macronix Chips.  *See, e.g.*, MX29GL128F Datasheet, Exhibit J, at 19. When Macronix's customers use Macronix Chips in their intended manner, as described in Exhibit M, the Macronix customers directly infringe the asserted claims of the '611 Patent.

66.     The Macronix Defendants have had knowledge of the '611 Patent at least as of the filing of this Complaint and, by continuing the actions described above, knew that the acts that they encouraged others to take infringed the '611 Patent.

67.     Upon information and belief, the Macronix Defendants also contribute to the infringement of others by offering to sell, selling within the United States, and/or importing into the United States the Macronix Chips that constitute a material part of the invention claimed in the '611 Patent, knowing the same to be especially made and/or adapted for use in an infringement of the '611 Patent, and not staple articles of commerce suitable for substantial non-infringing use.  The Macronix Chips are specially designed to infringe the asserted claims of the '611 Patent and have no substantial non-infringing uses.

68.     The Macronix Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Acer Defendants**

69.     The Acer Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the

United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Acer Aspire V5 laptop computer.

70.     The Acer Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

### ADT

71.     ADT has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the ADT NV412A-ADT pulse video encoder.

72.     ADT's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

### Amazon

73.     Amazon has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Amazon Kindle Paperwhite e-reader.

74.     Amazon's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**ASRock Defendants**

75.     The ASRock Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the ASRock X79 Extreme 11 motherboard.

76.     The ASRock Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Asus Defendants**

77.     The Asus Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Asus RT-56U and RT-N16 routers.

78.     The Asus Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Belkin**

79.     Belkin has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Belkin N600 DC router.

80.     Belkin's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion

is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**D-Link Defendants**

81.     The D-Link Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the D-Link DIR-655 Xtreme N Gigabit router.

82.     The D-Link Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Leap Motion**

83.     Leap Motion has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to Leap Motion wireless controller.

84.     Leap Motion's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Lowe's Defendants**

85.     The Lowe's Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Iris RC8221 wireless camera.

86.   The Lowe's Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Microsoft**

87.   Microsoft has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to Microsoft Surface Pro 2.

88.   Microsoft's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Nintendo Defendants**

89.   The Nintendo Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to Nintendo 3DS Game Cartridges and the Nintendo Wii U console.

90.   The Nintendo Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Sercomm**

91.   Sercomm has infringed, and continues to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United

States, electronic devices that contain infringing Macronix Chips, including but not limited to the ADT NV412-ADT pulse video encoder and the Iris RC8221 wireless camera.

92.     The Sercomm Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Vonage Defendants**

93.     The Vonage Defendants have infringed, and continue to infringe, the '611 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Vonage VDV23-VD telephone adapter.

94.     The Vonage Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**COUNT II**
**(INFRINGEMENT OF THE '446 PATENT)**

95.     Plaintiff incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

**Macronix Defendants**

96.     The Macronix Defendants have infringed at least claims 1, 5-12, 15-17 and 20-21 of the '446 Patent by importing into the United States, or offering to sell, selling and/or using within the United States, products which were made by a process patented in the United States within the meaning of 35 U.S.C. § 271(g).  An example of such infringing products is the Macronix XtraROM family of products.  A chart illustrating how the Macronix XtraROM

family of products satisfies exemplary claim 1 of the '446 Patent, is attached as Exhibit N (under seal).

97. The Macronix Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Nintendo Defendants**

98. The Nintendo Defendants have infringed, and continue to infringe, the '446 Patent by importing into the United States, or offering to sell, selling and/or using within the United States, electronic devices that contain infringing Macronix Chips, which were made by a process patented in the United States within the meaning of 35 U.S.C. § 271(g), including but not limited to Nintendo 3DS Game Cartridges.

99. The Nintendo Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

## COUNT III
## (INFRINGEMENT OF THE '766 PATENT)

100. Plaintiff incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

**Macronix Defendants**

101. The Macronix Defendants have infringed at least claims 1, 4-11, 13-15, 17-18 and 22 of the '766 Patent through their importation into the United States, or their offering to sell, selling and/or using within the United States, products which were made by a process patented in the United States within the meaning of 35 U.S.C. § 271(g). An example of such infringing products is the Macronix XtraROM family of products. A chart illustrating how the

1   Macronix XtraROM family of products satisfies exemplary claim 1 of the '766 Patent, is

2   attached as Exhibit O (under seal).

3   102.   The Macronix Defendants' infringing activities have caused and will cause

4   Spansion irreparable harm for which there is no adequate remedy at law and damages in an

5   amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283

6   and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against

7   further infringing activity.

8   **Nintendo Defendants**

9   103.   The Nintendo Defendants have infringed, and continue to infringe, the '766

10  Patent by importing into the United States, or offering to sell, selling and/or using within the

11  United States, electronic devices that contain infringing Macronix Chips, which were made by a

12  process patented in the United States within the meaning of 35 U.S.C. § 271(g), including but

13  not limited to Nintendo 3DS Game Cartridges.

14  104.   The Nintendo Defendants' infringing activities have caused and will cause

15  Spansion irreparable harm for which there is no adequate remedy at law and damages in an

16  amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283

17  and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against

18  further infringing activity.

19  **COUNT IV**
    **(INFRINGEMENT OF THE '666 PATENT)**
20

21  105.   Plaintiff incorporates by reference paragraphs 1 through 56 above as if fully set

22  forth herein.

23  **Macronix Defendants**

24  106.   The Macronix Defendants have infringed, and continue to infringe, at least

25  claims 1, 3-5, 8 and 10-13 of the '666 Patent, either literally or under the doctrine of

26  equivalents, by making, using, offering for sale, and selling within the United States, and/or

27  importing into the United States, products that practice the inventions claimed in the '666

28  patent, including, but not limited to, the Macronix Generation F NOR Page Mode Parallel Flash

Memory (75 nm Technology Node) family of products, the Macronix Generation E NOR Page Mode Parallel Flash Memory (110 nm Technology Node) family of products and/or the Macronix Generation E NOR Serial Flash Memory (110 nm Technology Node) family of products. A chart demonstrating how each of the Macronix Generation F NOR Page Mode Parallel Flash Memory (75 nm Technology Node) family of products, the Macronix Generation E NOR Page Mode Parallel Flash Memory (110 nm Technology Node) family of products and the Macronix Generation E NOR Serial Flash Memory (110 nm Technology Node) family of products satisfies exemplary 1 of the '666 Patent, is attached as Exhibit P (under seal).

107. Upon information and belief, the Macronix Defendants have directly contributed to and/or induced infringement of the '666 Patent through supplying infringing components to their customers. The Macronix Defendants' customers, downstream companies, and/or customers of downstream companies who purchased such components and operate such components in accordance with the Macronix Defendants' instructions directly infringe one or more of claims 1, 3-5, 8 and 10-13 of the '666 Patent by others in the United States.

108. Upon information and belief, the Macronix Defendants were aware of the '666 Patent or will have knowledge of the '666 Patent and their infringing activity based on the public filing of this Complaint.

109. Upon information and belief, the Macronix Defendants have indirectly infringed and continue to indirectly infringe the '666 Patent by actively inducing others, including at least the Acer Defendants, Amazon, the ASRock Defendants, the Asus Defendants, Belkin, the D-Link Defendants, Leap Motion, the Lowe's Defendants, Microsoft, the Nintendo Defendants and Sercomm, to offer for sale and/or sell within the United States, and/or import into the United States, devices containing the infringing Macronix Chips.

110. Upon information and belief, the Macronix Defendants have also indirectly infringed and continue to indirectly infringe the '666 Patent by actively inducing others, including at least the Acer Defendants, Amazon, the ASRock Defendants, the Asus Defendants, Belkin, the D-Link Defendants, Leap Motion, the Lowe's Defendants, Microsoft, the Nintendo

Defendants and Sercomm, and/or end-users of consumer devices containing the Macronix Chips, to perform some or all of the steps of the method claims of the '666 Patent.

111.   Upon information and belief, the Macronix Defendants specifically intend to induce the direct infringement of the '666 Patent by instructing and encouraging their customers and downstream companies to use the Macronix Chips.  Such instructions and encouragement include but are not limited to advising third parties to use the Macronix Chips in an infringing manner, advertising and promoting the use of the Macronix Chips in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Macronix Chips in an infringing manner.

112.   The Macronix Defendants encourage downstream companies worldwide to switch from Spansion chips to the infringing Macronix Chips.  For example, the Macronix Defendants publicly publish and maintain a series of Application Notes explaining and directing how to do so.  Exhibit F.  One such Application Note is entitled "Replacing Spansion S25FL128S with Macronix MX25L12835F," and teaches the Macronix Defendants' customers how to replace Spansion products with infringing Macronix Chips.  Exhibit G.

113.   The Macronix Defendants include instructions with the Macronix Chips and on their web site teaching users of the Macronix Chips to install and use the Macronix Chips.  *See* Macronix Datasheets, Exhibits H-L.   For example, the Macronix Defendants provide instructions on their web site and with the Macronix Chips teaching users how to program the Macronix Chips.  *See, e.g.*, MX29GL128F Datasheet, Exhibit J, at 9, 14, 18.  When Macronix's customers use Macronix Chips in their intended manner, as described in Exhibit P, the Macronix customers directly infringe the asserted claims of the '666 Patent.

114.   The Macronix Defendants have had knowledge of the '666 Patent at least as of the filing of this Complaint and, by continuing the actions described above, knew that the acts that they encouraged others to take infringed the '666 Patent.

115.   Upon information and belief, the Macronix Defendants also contribute to the infringement of others by offering to sell, selling within the United States, and/or importing into the United States the Macronix Chips that constitute a material part of the invention claimed in

1   the '666 Patent, knowing the same to be especially made and/or adapted for use in an

2   infringement of the '666 Patent, and not staple articles of commerce suitable for substantial non-

3   infringing use.  The Macronix Chips are specially designed to infringe the asserted claims of the

4   '666 Patent and have no substantial non-infringing uses.

5   116.   The Macronix Defendants' infringing activities have caused and will cause

6   Spansion irreparable harm for which there is no adequate remedy at law and damages in an

7   amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283

8   and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against

9   further infringing activity.

10   **Acer Defendants**

11   117.   The Acer Defendants have infringed, and continue to infringe, the '666 Patent by

12   making, using, offering for sale, and selling within the United States, and/or importing into the

13   United States, electronic devices that contain infringing Macronix Chips, including but not

14   limited to the Acer Aspire V5 laptop computer.

15   118.   The Acer Defendants' infringing activities have caused and will cause Spansion

16   irreparable harm for which there is no adequate remedy at law and damages in an amount yet to

17   be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284,

18   Spansion is entitled to recover damages, as well as permanent injunctive relief against further

19   infringing activity.

20   **Amazon**

21   119.   Amazon has infringed, and continues to infringe, the '666 Patent by making,

22   using, offering for sale, and selling within the United States, and/or importing into the United

23   States, electronic devices that contain infringing Macronix Chips, including but not limited to

24   the Amazon Kindle Paperwhite e-reader.

25   120.   Amazon's infringing activities have caused and will cause Spansion irreparable

26   harm for which there is no adequate remedy at law and damages in an amount yet to be

27   determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion

28

is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

### ASRock Defendants

121.    The ASRock Defendants have infringed, and continue to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the ASRock X79 Extreme 11 motherboard.

122.    The ASRock Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

### Asus Defendants

123.    The Asus Defendants have infringed, and continue to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Asus RT-N16 router.

124.    The Asus Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

### Belkin

125.    Belkin has infringed, and continues to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Belkin N600 DC router.

126.    Belkin's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**D-Link Defendants**

127.    The D-Link Defendants have infringed, and continue to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the D-Link DIR-655 Xtreme N Gigabit router.

128.    The D-Link Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Leap Motion**

129.    Leap Motion has infringed, and continues to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Leap Motion wireless controller.

130.    Leap Motion's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Lowe's Defendants**

131.    The Lowe's Defendants have infringed, and continue to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into

the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Iris RC8221 wireless camera.

132. The Lowe's Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Microsoft**

133. Microsoft has infringed, and continues to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to the Microsoft Surface Pro 2.

134. Microsoft's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Nintendo Defendants**

135. The Nintendo Defendants have infringed, and continue to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to Nintendo 3DS Game Cartridges and the Nintendo Wii U console.

136. The Nintendo Defendants' infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief. Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

**Sercomm**

137.     Sercomm has infringed, and continues to infringe, the '666 Patent by making, using, offering for sale, and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips, including but not limited to Iris RC8221 wireless camera.

138.     Sercomm's infringing activities have caused and will cause Spansion irreparable harm for which there is no adequate remedy at law and damages in an amount yet to be determined for which Spansion is entitled to relief.  Under 35 U.S.C. §§ 283 and 284, Spansion is entitled to recover damages, as well as permanent injunctive relief against further infringing activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Spansion respectfully requests:

A.     Entry of judgment that Defendants have infringed, directly and indirectly, one or more claims of the Spansion Patents;

B.     A judgment and order permanently enjoining the Macronix Defendants, and the directors, officers, agents, servants and employees of each of the Macronix Defendants, and those acting in active concert or participation with the Macronix Defendants from infringing, directly or indirectly, the Spansion Patents;

C.     A judgment and order permanently enjoining the Defendants and each Defendant's parent corporations, subsidiaries and affiliates from making, using, offering for sale and selling within the United States, and/or importing into the United States, electronic devices that contain infringing Macronix Chips;

D.     Damages to compensate Spansion for Defendants' infringement, including all compensatory damages incurred in this case, including all pre-judgment and post-judgment interest and enhanced damages;

E.     An award of reasonable attorneys' fees under 35 U.S.C. § 285;

F.     Such other and further relief as this Court may deem just and proper.


April 28, 2014                                    */s/ Andrew N. Thomases*
                                                 Andrew N. Thomases (Bar No. 177339)
                                                 ROPES & GRAY LLP
                                                 1900 University Avenue, 6th Floor
                                                 East Palo Alto, California 94303-2284
                                                 Telephone: (650) 617-4000
                                                 Facsimile: (650) 617-4090
                                                 Email: andrew.thomases@ropesgray.com

                                                 *Attorneys for Plaintiff*
                                                 *SPANSION LLC*

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Plaintiff Spansion LLC demands a trial by jury pursuant to Rule 38(b) of the

3   Federal Rules of Civil Procedure.

4

5   April 28, 2014                              */s/  Andrew N. Thomases*

6                                              Andrew N. Thomases (Bar No. 1773399)
                                               ROPES & GRAY LLP
7                                              1900 University Avenue, 6th Floor
                                               East Palo Alto, California 94303-2284
8                                              Telephone: (650) 617-4000
                                               Facsimile: (650) 617-4090
9                                              Email: andrew.thomases@ropesgray.com

10                                             *Attorneys for Plaintiff*
                                               *SPANSION LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28